**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Giovanni A., | : : : |
| Plaintiff, | : Civil Action No. 17-8575 (ES) (JAD) : |
| v. | : : MEMORANDUM OPINION |
| UNITED HEALTHCARE, | : : |
| Defendant. | : : |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon Defendant United Healthcare's ("Defendant") motion to dismiss Plaintiff University Spine Center's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 8). The Court has reviewed the parties' submissions[1] and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons below, Defendant's motion to dismiss Plaintiff's Complaint is GRANTED.

*Background.* The Court presumes that the parties are familiar with the factual context and the procedural history of the action and will only set forth a brief summary here.[2] On April 5, 2013, Plaintiff provided medical services to Giovanni A (the "Patient"). (D.E. No. 1-1 ("Compl.") ¶ 4). Plaintiff obtained an assignment of benefits from the Patient to bring this claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (*Id.* ¶ 6). Plaintiff asserts that, pursuant to the assignment of benefits, it prepared Health Insurance Claim Forms

---

[1] (D.E. No. 8-3 ("Def. Mov. Br."); D.E. No. 10 ("Pl. Opp. Br."); D.E. No. 13 ("Def. Reply Br.")).

[2] This background is derived from Plaintiff's Complaint, which the Court must accept as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

1

("HICFs") formally demanding reimbursement from Defendant in the amount of $255,280.00 for the medical services provided by Plaintiff to the Patient. (*Id.* ¶ 7). Plaintiff alleges that Defendant, however, allowed reimbursement totaling only $33,230.08 for the Patient's treatment. (*Id.* ¶ 8). Thereafter, Plaintiff engaged in the applicable administrative appeals process maintained by Defendant to recover the additional payment and request a copy of the Summary Plan Description, Plan Policy, among other things. (*Id.* ¶¶ 9-11). Defendant failed to remit additional payment in response to Plaintiff's appeal and also failed to produce the requested documents. (*Id.* ¶ 11). Taking into account any known deductions, copayments and coinsurance, Plaintiff claims it was underpaid by $222,049.92. (*Id.* ¶ 13). Accordingly, on September 12, 2017, Plaintiff commenced an action in New Jersey Superior Court, Passaic County, alleging breach of contract (Count I); failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B) (Count II); and breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a) (Count III). (*Id.* ¶¶ 15-38). Defendant removed the action to this Court on October 18, 2017. (D.E. No. 1). And on December 8, 2017, Defendant moved to dismiss Plaintiff's Complaint.

*Legal Standard.* Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "For the purpose of determining standing, [the Court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Where, as here, a plaintiff's claims are based on a health benefits plan that is referenced in a complaint, a court may consider the plan documents without converting a motion to dismiss into a motion for summary judgment. *See Kayal Orthopaedic Ctr., P.C. v. Empire Blue Cross Blue Shield*, No. 16-9059, 2017 WL 4179813, at *3 (D.N.J. Sept. 21, 2017); *Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033, 2005 WL 1140687, at *3 (D.N.J. May 13, 2005). Here, the Complaint relies on the terms of the Patient's health benefits plan. (Compl. ¶¶ 2, 10, 12, 14).

*Analysis.* The parties agree that this case is governed by ERISA. (Def. Mov. Br. at 1; Pl. Opp. Br. at 1).[3] Under § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action to, among other things, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Accordingly, standing to sue under ERISA is "limited to participants and beneficiaries." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400-01 (3d Cir. 2004) (holding that if plaintiff lacks standing to sue under ERISA, then the

---

[3] Because Defendant agrees that the health benefits plan at issue is governed by ERISA, Plaintiff voluntarily dismissed its breach-of-contract claim (Count I). (Pl. Opp. Br. at 1). As such, the Court will not address that claim.

court also lacks federal subject-matter jurisdiction to hear the claim). As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider. *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372. "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *Id.* (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)). But even though a medical provider may obtain such an assignment, an employment-based health plan is authorized to bar that assignment of such rights to a medical provider by including an anti-assignment clause in its terms. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross, LLC*, No. 16-8988, 2017 WL 1243147, at *3-4 (D.N.J. Feb. 24, 2017). And in the Third Circuit, such anti-assignment clauses are enforceable. *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, No. 17-1663, 2018 WL 2224394, at *1 (3d Cir. May 16, 2018).

Thus, the issue here hinges on whether the Patient successfully assigned his rights to Plaintiff under the terms of Defendant's health benefits plan. Defendant argues, in part, that "Plaintiff does not have a right of action under ERISA to pursue its claim for additional Plan benefits because the Plan contains a legally enforceable anti-assignment provision that does not permit Plan participants to assign their rights under the Plan." (Def. Mov. Br. at 1). The anti-assignment provision at issue states in relevant part:

> This Certificate is not assignable by Group without Our written consent. *Any benefits under this Certificate are not assignable by any Member without Our written consent.* In addition, This Agreement shall not confer any rights or obligations on third parties except as specifically provided herein.

(*Id.* at 4-5; Pl. Opp. Br. at 2) (emphasis in original). According to Defendant, Plaintiff's Complaint "must be dismissed pursuant to the Plan's clear and unequivocal anti-assignment provision." (Def. Mov. Br. at 7-8).

In opposition, Plaintiff first argues that it is not barred from bringing this action because the anti-assignment clause limits only the Patient's *right* to assign his rights or benefits to Plaintiff, not the Patient's *power* to do so. (Pl. Opp. Br. at 3-5, 6-10). According to Plaintiff, the anti-assignment clause's limit on the Patient's *right* to assign his rights or benefits to Plaintiff is essentially "a covenant not to assign" and any violations by the Patient can be remedied by money damages, but a violation of that covenant does not void the purported assignment. (*Id.* at 7). Plaintiff argues that the only way the Patient could be prevented from assigning his rights or benefits to Plaintiff is if the anti-assignment clause expressly limits the Patient's *power* to do so, which the anti-assignment clause here does not do. (*Id.* at 7-10). Plaintiff emphasizes that the anti-assignment clause is invalid because it does not specify that any attempted assignment would be "'void' or 'invalid' if performed without Defendant's consent nor does it state that Defendant will not recognize any such assignment." (*Id.* at 8). In support of this argument, Plaintiff relies on a Third Circuit case that does not pertain to ERISA and applies New Jersey law. (*See id.* at 3-4, 6-10 (citing *Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd.*, 181 F.3d 435 (3d Cir. 1999)).

Next, Plaintiff posits that even if the anti-assignment provision limited the Patient's power to assign, the provision is nevertheless unenforceable because it is not clear and unambiguous. (Pl. Opp. Br. at 10-12). Finally, Plaintiff argues that the anti-assignment clause is unenforceable against it as a health care provider, relying on a decision from the U.S. Court of Appeals for the Fifth Circuit. (*Id.* at 12-14 (citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), *overruled on other grounds by Access Mediquip, L.L.C. v. UnitedHealthCare Ins. Co.*, 698 F.3d 229

(5th Cir. 2012)). The Fifth Circuit *Hermann* decision interpreted anti-assignment clauses, such as the one at issue here, to apply only to third-party assignees who may obtain assignments to cover unrelated debts. *See* 959 F.2d at 575 ("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees—other than the health care provider of assigned benefits—such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits.").

The Court rejects Plaintiff's arguments because they are contrary to the recognized law in the Third Circuit and in this District. *See Am. Orthopedic & Sports Med.*, 2018 WL 2224394, at *1 ("conclud[ing] that anti-assignment clauses in ERISA-governed health insurance plans are enforceable" and affirming district court's dismissal of complaint); *Emami v. Quinteles IMS*, No. 17-3069, 2017 WL 4220329, at *2 (D.N.J. Sept. 21, 2017) (finding similar anti-assignment provision "clear and unambiguous" and "valid and enforceable"); *Kayal Orthopaedic Ctr.*, 2017 WL 4179813, at *3 (finding similar anti-assignment provision to be valid and enforceable); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311, at *4 (D.N.J. June 24, 2014) (same); *Neurological Surgery Assocs. P.A. v. Aetna Life Ins. Co.*, No. 12-5600, 2014 WL 2510555, at *2-4 (D.N.J. June 4, 2014) (finding that "a provision requiring that coverage may be assigned only with Defendant's consent" is "valid and enforceable").

In light of the foregoing, the Court has reviewed the anti-assignment provision and finds it to be clear and unambiguous, and thus valid and enforceable. As already noted, the anti-assignment provision does not allow assignment of benefits without Defendant's consent. (*See supra* at 4). Plaintiff does not allege that Defendant gave such consent. Accordingly, the Patient's assignment of rights or benefits to Plaintiff is void. In the absence of a valid assignment from the Patient, Plaintiff

6

lacks standing under ERISA to pursue this action. *Cf. Neurological Surgery Assocs.*, 2014 WL 2510555, at *4 (enforcing identical anti-assignment provision and finding that the plaintiff did not have standing to pursue ERISA action against Aetna).

*Conclusion.* For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint based on the anti-assignment provision is GRANTED, and Plaintiff's Complaint is dismissed *with prejudice*. Given the Court's ruling, the Court need not address the parties' alternative arguments. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
